Jose Guadalupe Farfan **SANCHEZ**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

Nos. 05–70005, 05–72505.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Nadia Farah, Law Office of Nadia Farah, Fremont, CA, for Petitioner.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John C. Cunningham, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM**

Jose Guadalupe Farfan Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's decision denying his application for cancellation of removal, and for review of the BIA's order denying his motion to reopen proceedings. We dismiss in part and deny in part the petitions for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

The evidence regarding learning disabilities that petitioner presented with his motion to reopen and his motion to remand concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that the evidence he submitted would not alter its prior discretionary determination that petitioner failed

to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

The evidence regarding petitioner's younger son's ear problem that petitioner presented with his motion to reopen concerned an entirely new basis for establishing hardship. *See id.* at 601–02. The BIA did not abuse its discretion by denying the motion to reopen, because the BIA considered the evidence petitioner submitted and acted within its broad discretion in determining that the evidence did not warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

Petitioner's remaining contention's lack merit.

**PETITION FOR REVIEW DISMISSED.**

**PETITION FORE REVIEW DISMISSED in part; DENIED in part.**

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.